the motion for a retaxation of the costs herein should have been denied.

The order appealed from should be reversed, and the motions for a retaxation and to strike the appeal from the calendar denied, with $10 costs and disbursements.

CONLAN, J., concurs.

---

(20 Misc. Rep. 426.)

McNEILL v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   May 29, 1897.)

WITNESS—CROSS-EXAMINATION—CREDIBILITY.
    Where plaintiff cross-examines defendant's witness on a collateral fact, he cannot, for the purpose of discrediting him, show that he had made different statements on other occasions, but is concluded by his answer.

Appeal from trial term.

Action by Barney McNeill against the Metropolitan Street-Railway Company.   Judgment on verdict in favor of plaintiff, and from the same, and from an order denying a new trial, defendant appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

John T. Little and Theodore T. Lord, for appellant.

M. P. O'Connor, for respondent.

O'DWYER, J.   The action was brought to recover damages for injuries alleged to have been sustained by reason of the negligence of the defendant.   Upon cross-examination of the conductor of the defendant's car upon which the plaintiff had been a passenger, in answer to questions put by the plaintiff's attorney, he testified that he did not tell the plaintiff's attorney that he had been offered $100 by the company to stand by his statement of the case, and that, if the plaintiff's attorney wanted him to make a statement, he would have to pay him that amount of money.   Although the witness absolutely denied making these statements, the plaintiff was permitted to introduce evidence in rebuttal of this witness' testimony to show that the witness had stated that the defendant had offered him $100.   The party who examines a witness as to collateral facts cannot, for the purpose of discrediting him, show that he made different statements on other occasions, but he is concluded by the answers of witness.   Carpenter v. Ward, 30 N. Y. 243.   It is impossible to understand on what theory this testimony was admissible.   The witness was not the agent of the defendant for the purpose of making such admission.   No notice or knowledge of any such admission was brought home to the defendant.   It is apparent as to the effect of the admission of evidence in rebuttal upon the jury, and its admission can only be upon one possible theory, namely, that the plaintiff was entitled to impeach the witness in this manner. This question was disposed of in Furst v. Railroad Co., 72 N. Y. 542, in which Judge Rapello, in passing upon this very question, said:

"He claims that they were admissible for the purpose of contradicting and impeaching the credibility of the conductor. It does not appear from the case that they were offered for that purpose, or that that effect was claimed for them upon the trial; but, assuming that such was the object of the questions, they were clearly inadmissible for any such purpose, for the reason that the statement of the conductor sought to be contradicted had been drawn out by the plaintiff on cross-examination, and was irrelevant to the case, and therefore the endeavor to contradict it was an attempt to raise a collateral issue, which is not permissible. If the conductor had, on his direct examination, testified that the driver did look out, or that he was driving carefully at the time of the accident, it would have been competent to show that the witness had made statements out of court contradictory of, or inconsistent with, his testimony, and, if he denied making such statements, it would have been competent to prove them by other witnesses. But the difficulty is that he had not given any testimony on the subject of the driver looking or being careful, and his unsworn statement on that subject was therefore wholly immaterial and irrelevant; and, if objection had been made on the part of the defendant to the questions put to him by the plaintiff's counsel in respect to such statements, it would have been the duty of the court to have excluded them. But it has often been decided that the omission to make such objection is no ground for allowing the answers made by the witness to irrelevant inquiries to be contradicted."

In Stokes v. People, 53 N. Y. 164, at page 176, Grover, J., says:

"Upon cross-examination the prosecution had the right, for the purpose of impairing the credit of the witnesses, to ask questions as to those collateral matters, but, having asked and obtained answers, must abide by the answers given. Other witnesses could not be called to prove those answers untrue. Lawrence v. Barker, 5 Wend. 301; Howard v. Insurance Co., 4 Denio, 502."

The objectionable feature of this evidence, in the case at bar, is raised in the same manner as in the two cases just quoted from. The testimony was brought out by the plaintiff's attorney upon the cross-examination of the defendant's witness. And the nature and purpose of the question are the same. Its only purpose can be to affect the credibility of the witness Jackson in his denial of having said that he had been offered $100 by the defendant, and this cannot be permitted.

The judgment appealed from should be reversed, with costs to the appellant to abide the event. All concur.