PARKER, Ch. J., GRAY, O'BRIEN, LANDON and WERNER, JJ., concur; MARTIN, J., dissents.

Judgment of conviction affirmed.

---

CATHERINE KAY, Respondent, v. METROPOLITAN STREET RAIL-  WAY COMPANY, Appellant.

163      447
e 78 AD²415

1. EVIDENCE — INADMISSIBLE DECLARATIONS OF STREET CAR CON-DUCTOR TO THIRD PARTY. Admissions or declarations made to a third party, after an accident, by the conductor of a street car, indicating that he was willing to assist a passenger injured by the accident in an action to recover damages of the corporation, do not bind the latter and are inad-missible against it where they do not tend to contradict or impeach the conductor in anything to which he has testified as a witness for the defendant.

2. WITNESS — PARTY CONCLUDED AS TO NEW MATTER ELICITED ON CROSS-EXAMINATION. Where upon cross-examination the plaintiff elicits from opposing witnesses matter not brought out on their direct examina-tion, he makes the witnesses his own as to such new matter and cannot contradict them in regard to it, since the effect would be to permit him to impeach his own witnesses.

3. BURDEN OF PROOF — ERRONEOUS INSTRUCTION AS TO ITS SHIFTING UNDER THE RULE RES IPSA LOQUITUR. Where a plaintiff seeks damages for personal injuries caused by the alleged negligence of a corporation, and is assisted in making out a *prima facie* case by the fact that the cir-cumstances of the accident raise a presumption of negligence, it is erroneous for the trial court to charge the jury that under the whole proof the burden is upon the corporation to show the exercise of due care in the construction of its road and in the management of its cars and horses to

prevent accidents, and that the question is whether the corporation has met that burden, since the burden of proof is at all times upon the plaintiff, and, if the proof of the corporation rebutted the presumption of its negligence or left the fact of negligence in doubt, the plaintiff, who alleged negligence, must suffer and not the defendant.

*Kay* v. *Met. St. Ry. Co.*, 29 App. Div. 466, reversed.

(Argued May 25, 1900; decided June 19, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 8, 1898, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant.

The facts, so far as material, are stated in the opinion.

*Charles F. Brown* and *Henry A. Robinson* for appellant. The court erred in charging the jury that the burden of proof rested upon the defendant to prove its freedom from negligence. (*People* v. *Downs*, 123 N. Y. 558; *Crowinshield* v. *Crowinshield*, 5 Gray, 524; *Pickup* v. *T. Ins. Co.*, L. R. [3 Q. B. Div.] 594; *Sutton* v. *Sadler*, 3 C. B. [N. S.] 87; *P. R. R. Co.* v. *McKinney*, 124 Penn. St. 474; *Nelson* v. *L. V. R. R. Co.*, 25 App. Div. 535; *People* v. *McCann*, 16 N. Y. 58; *Brotherton* v. *People*, 75 N. Y. 159; *O'Connell* v. *People*, 87 N. Y. 377; *Hastings* v. *C. C. R. R. Co.*, 7 App. Div. 312.) Error was committed in the admission and exclusion of evidence. (*Furst* v. *S. A. R. R. Co.*, 72 N. Y. 542; *Whitaker* v. *E. A. R. R. Co.*, 51 N. Y. 295; *Stokes* v. *People*, 53 N. Y. 164; *Plato* v. *Reynolds*, 27 N. Y. 586; *Carpenter* v. *Ward*, 30 N. Y. 243; *F. B. Church* v. *B. F. Ins. Co.*, 28 N. Y. 153; *Luby* v. *H. R. R. R. Co.*, 17 N. Y. 132; *Gumb* v. *T. T. S. Ry. Co.*, 114 N. Y. 411; *Kleiner* v. *T. A. R. R. Co.*, 162 N. Y. 193.)

*George H. Hart* for respondent. The charge of the court was free from error. (*T. B. C. Co.* v. *Hewson*, 158 N. Y. 156;

*Hill* v. *N. A. R. R. Co.*, 109 N. Y. 239; *Loudoun* v. *E. A. R. R. Co.*, 162 N. Y. 380; *Holbrook* v. *U. & S. R. R. Co.*, 12 N. Y. 242; *Mullen* v. *St. John*, 57 N. Y. 567; *Stallman* v. *N. Y. S. Co.*, 17 App. Div. 397; *Clarke* v. *N. E. R. R. Co.*, 9 App. Div. 52; *Edgerton* v. *N. Y. & H. R. R. Co.*, 39 N. Y. 227; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562; *Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297.) The trial judge committed no error in the reception of evidence. (*Luby* v. *H. R. R. R. Co.*, 17 N. Y. 131; *Furst* v. *S. A. R. R. Co.*, 72 N. Y. 542; *Sherman* v. *D., L. & W. R. R. Co.*, 106 N. Y. 542; *Sloan* v. *N. Y. C. R. R. Co.*, 45 N. Y. 125; *Bittner* v. *C. T. S. R. Co.*, N. Y. L. J., May 17, 1897; *Jamieson* v. *N. Y. & R. B. Ry. Co.*, 11 App. Div. 50; *Stokes* v. *People*, 53 N. Y. 176; *Plato* v. *Reynolds*, 27 N. Y. 586; *Carpenter* v. *Ward*, 30 N. Y. 243; *F. B. Church* v. *B. F. Ins. Co.*, 28 N. Y. 153.)

O'BRIEN, J. On the 29th of January, 1895, the plaintiff was a passenger on the defendant's road and was injured in a collision. The questions presented by this appeal arise entirely upon exceptions taken by the defendant during the course of the trial. It appeared that a heavy snow storm had set in early in the evening of the accident and about four inches of snow had already fallen. While the car in which the plaintiff was a passenger was going down a steep incline it got beyond the control of the driver, although the brakes were set and the wheels prevented from revolving, and it slid down the hill and collided with another car, in which collision the plaintiff was injured.

On the trial the defendant's counsel called the conductor of the car as a witness who described the manner in which the accident happened; how the car commenced to run rapidly after it began to descend the hill; how the driver used the brake and the car commenced to slide down the hill and finally collided with the other car. On cross-examination, the plaintiff's counsel propounded to the witness the following question: "Did you not tell Mrs. Shech that you reported that the car

was in no fit condition to be out, and you reported it to the office before you left, and leave your name and address with her, and tell her that you would come when she wanted you, and that you were obliged to jump from the car, and that was the only thing you could do?" This was an inquiry concerning new matter as to which the witness had not testified on the direct. He had said nothing whatever about the condition of the car or any admissions made to Mrs. Shech. The question, therefore, did not tend to impeach the witness, but to prove his declarations to a third party after the accident, tending to show that he was at that time willing to help the plaintiff in her case. But he could not bind or affect the defendant by any admissions or declarations, after the accident, made to third parties. They were admissible only to contradict or impeach him as a witness for the defendant in case he had testified to anything inconsistent with them, but he had not.

The defendant's counsel had not asked him anything about the condition of the car or the quality of the brake, and on all these matters the plaintiff made him her own witness. No objection was made to the question, however, and the witness answered in the negative. The plaintiff's counsel subsequently called Mrs. Shech as a witness, and she testified that she had a conversation with the conductor at her house after the accident, and then propounded to her the following question: " Did he not say to you at your house, after the accident, that he reported that this car was not in a fit condition to be out, and that he made a report of it to the office before he left, and leave his name and address with you, and tell you that he would come when you wanted him, and that he had to jump from the car, and that was the only thing he could do?"

This question was objected to by counsel for the defendant as incompetent and immaterial, and that the admissions or declarations of the witness were inadmissible against the defendant. The objections were overruled and defendant's counsel excepted.

The answer of the witness was in the affirmative, but we think the plaintiff was not entitled to it. It did not tend to impeach the witness, since he had not testified to anything of which it was in any sense a contradiction, and his declarations with respect to the cause and circumstances of the accident, after it occurred, were not binding upon the defendant. The plaintiff's counsel could not lay the foundation for impeaching the conductor by asking questions on cross-examination which had no relation to or effect upon his direct testimony, but was new matter drawn out by himself, and which should have been excluded had it been objected to. There being no objection, the conductor's answer was in the case for what it was worth, but it bound the party that called for it, and he had no right to contradict it.

When the conductor was on the stand the plaintiff's counsel asked him if he had not stated to the plaintiff after the accident in the presence of her daughter that she did not need any other witness but himself; that the car was not fit to be taken out and that the brake was no good and that she could win the case on his testimony without any other witnesses. The witness denied that he had so stated. The plaintiff then called the daughter, who testified that she was present at a conversation between her mother and the conductor some eight weeks after the accident. The question was then propounded to her whether he had not stated to her mother in her presence the matters and things above stated which the conductor had denied. A proper objection was made to the question, which was overruled and an exception taken and the daughter contradicted the conductor. The same course of examination was followed in the case of two or three other witnesses. The plaintiff's counsel was in this way permitted to prove various things which it was claimed that the conductor had said after the accident; that the car and brake were no good and that he had so notified the defendant; that his testimony would win her case, and other things embraced in the question. But the plaintiff's counsel was all the time impeaching his own witness since the contradictions all related to

matters that he had drawn out himself on cross-examination and which had no bearing on his direct testimony. As a witness for the defendant he was asked nothing as to the condition of the car or the brake. He simply described the manner in which the car ran down the hill and that the driver lost control of it. There was nothing in his testimony that helped the defendant or that in any material respect differed from the plaintiff's theory of the case, and yet the counsel was permitted to prove various admissions or declarations which it was claimed he had made to third parties under the guise of impeaching answers drawn out by the counsel himself and which had no bearing on his testimony in chief.

The court instructed the jury that negligence on the part of the defendant might be presumed from the fact that the collision and accident happened, under the rule *res ipsa loquitur*, and the learned counsel for the defendant does not question that part of the charge. But the learned trial judge explained the doctrine to the jury at considerable length as will be seen by the following portions of the charge to which exceptions were taken :

" The defendant is liable for any injury that results to a passenger from any accident like the one under consideration that is not due to the wrongful acts of others. * * *

" I repeat, in order that I may be clear, the defendant is liable for any injury that results to a passenger from an accident like the one under consideration, that was not due to the wrongful acts of others, but can be attributed to the want of reasonable care on the part of the defendant corporation. * * *

" The law imposes upon the defendant, where an accident happens under the circumstances disclosed by the testimony in this case, the burden of showing to the jury such facts as warrant the jury in concluding that the defendant corporation exercised due care in the construction of its road, in the management of its cars and horses, to prevent accidents. Now, has the defendant met that burden ? That is the question of fact for you to determine."

It is quite difficult to read the whole charge and resist the conclusion that the learned trial judge submitted the case to the jury upon a wrong theory. That theory was that the burden of establishing the fact that the injuries resulted from the defendant's negligence did not rest upon the plaintiff, but it devolved upon the defendant to show affirmatively that it was free from negligence. This, we think, was not a correct statement of the law applicable to the case. The plaintiff upon the issue of negligence had to meet the burden of proof at every stage of the case. When a party alleges the existence of a fact as the basis of a cause of action or defense, the burden is always upon the party who alleges the fact to establish it by proof. The *onus probandi* is upon him throughout. In the case at bar the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption, but when the proof was all in the burden of proof had not shifted, but was still upon the plaintiff. The charge of the learned trial judge had reference to the case when all the proof on both sides had been given. If the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made that allegation should suffer, and not her adversary. The jury were bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and in determining the weight to be given to the former as against the latter, they were bound to apply the rule that the burden of proof was upon the plaintiff. If, on the whole, the scale did not preponderate in favor of the presumption and against defendant's proof, the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof. The charge of the learned trial judge as a whole ignored this view of the rule in regard to the burden of proof, and the jury might very well have understood that the only question they had to deal with was whether the defendant had met the burden under which it rested of showing affirmatively that it was free from negligence. (*People* v.

*Downs*, 123 N. Y. 558; *People* v. *McCann*, 16 N. Y. 58; *Whitlach* v. *F. & C. Co.*, 149 N. Y. 45; *Jones* v. *Union Railway Co.*, 18 App. Div. 267; *Hoffman* v. *Third Ave. R. R. Co.*, 45 App. Div. 586; *Pickup* v. *Thames & M. M. Ins. Co.*, L. R. [3 Q. B. D.] 594; 1 Greenleaf on Ev. § 48.) The jury in such cases must weigh presumptions, proofs and all the evidence in the light of the principle that the burden of proof is upon the plaintiff as the party alleging the fact in controversy.

It is quite possible that if the rulings referred to had all been made the other way and in favor of the defendant the result would have been the same, but the defendant has the right to insist that, in theory at least, the question of negligence shall be determined by a proper application of the rules of evidence.

The judgment must, therefore, be reversed and a new trial granted, costs to abide the event.

Parker, Ch. J., Gray, Haight, Landon and Werner, JJ., concur; Martin, J., not voting.

Judgment reversed, etc.