SIGMUND R. CASPER, Appellant, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Respondent.

*Presumption of negligence from a pedestrian catching his foot between a loose rail of a street railroad and the pavement, when rebutted — diligence in making repairs.*

The presumption of negligence arising from the fact that, when a pedestrian stepped upon one of the rails of a street railway at about twelve o'clock noon, the rail had become so loosened that his foot was caught between it and the pavement, is rebutted where there is no evidence that, until the pedestrian stepped upon the rail, it was loose or that the rail had not been loosened immediately before by heavy vehicles which were constantly using the street, and it appears that about eleven o'clock in the morning the railway inspector discovered that the rail needed spiking, but was not loose, and immediately thereafter gave the conductor of the next car a note to the trackmaster, advising him of the defect, and that the note was delivered in due course and the necessary repairs were made shortly after one o'clock.

The fact that the inspector might have notified the trackmaster of the defect by telephone instead of by note does not establish want of due diligence on his part.

HATCH, J., dissented.

APPEAL by the plaintiff, Sigmund R. Casper, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of May, 1900, upon the verdict of a jury rendered by direction of the court.

*Otto Horwitz,* for the appellant.

*Charles F. Brown,* for the respondent.

INGRAHAM, J.:

Upon the former appeal in this action we held that the obligation of the defendant in relation to this track upon which it is claimed that the plaintiff was injured was twofold: *First,* properly to construct it; and, *second,* after it was so constructed, to maintain it in a safe condition; that as there was no evidence to show that the track was not properly constructed, or that the plaintiff sustained any injury in consequence of improper construction, the only question was whether the evidence, taken as a whole, was sufficient to sustain a finding that the defendant was negligent in the performance of its duty to maintain this track in a safe condition, and applying the rule stated in *Worster* v. *Forty-second Street R. R. Co.* (50 N. Y. 205) and in *Schild* v. *C. P., N. & E. R. R. R. Co.* (133 id. 449), we held that upon the whole evidence, including the presumption that arose in consequence of the fact that a defect existed, the plaintiff had not sustained the burden of proof, and that the facts did not justify the jury in finding the defendant negligent.

In all actions of negligence the burden of proof is upon the plaintiff at every stage of the case. As was said in *Kay* v. *Metropolitan Street R. Co.* (163 N. Y. 447): "When a party alleges the existence of a fact as the basis of a cause of action or defense, the burden is always upon the party who alleges the fact to establish it by proof. The *onus probandi* is upon him throughout. In the case at bar the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption, but when the proof was all in the burden of proof had not shifted, but was still upon the plaintiff."

Assuming that in this case there was evidence to go to the jury that at the moment that this accident happened the rail had in some way become loosened so that the plaintiff's foot was caught between the rail and the pavement, and that proof of this fact, unexplained, justified an inference of negligence, we are called upon to determine whether, upon the whole case, the defendant rebutted that presumption so that the court was justified in directing the jury to find a verdict for the defendant. In determining this question it is important to consider the nature of what is alleged to be the unsafe struc-

ture.　Here was a railroad track laid through a city street paved with
stone blocks.　There is no evidence that this track protruded above
the surrounding pavement, or that it was in such a condition that a
casual inspection would disclose the fact that it was out of order.
It was not a patent obvious obstruction in the street, as in *Worster* v.
*Forty-second Street R. R. Co. (supra)*, nor as in *Schild* v. *C. P., N.
& E. R. R. R. Co. (supra)*, where the rail projected above the
level of the street; but if the plaintiff's evidence is to be believed,
it was a case where the rail had become loose, so that, although
apparently perfectly safe, it was possible for a person's foot to catch
in the rail when stepping upon it.　There is nothing to show that a
railroad company could anticipate that such an accident could happen,
or that a person stepping upon a rail of this weight or length could
so displace it, even if the spikes had been drawn, and nothing to
show that there was anything the matter with the rail at any time
before it was discovered by the defendant's inspector, Sprowl, some
time after eleven o'clock in the morning of the day of the accident.
Sprowl testified that he was at this corner at half-past ten in the morn-
ing, and although he says he did not at that time look at the track,
he stood there seeing the cars come along through Lispenard street,
and saw nothing the matter with the track.　When he returned to
this place about half an hour afterwards, a little after eleven o'clock,
he then observed that there were two holes that needed spikes
upon the easterly end of the rail.　This is the first time that
there is evidence to sustain a finding that there was anything wrong
with the track.　Thousands of persons passed over this track on the
day in question and no one of them was injured, and, so far as
appears, no one noticed that the track was out of order except the
defendant's inspector and the plaintiff.　And while it was the duty
of the defendant to know if the track was out of order and to exer-
cise active diligence in repairing any defect, still the liability is
based upon negligence, and the burden of proof is upon the plain-
tiff to show negligence by which the plaintiff was injured.　The
street was in constant use by heavy vehicles, which could loosen
the rail, and there is no evidence that until the plaintiff stepped
upon the rail it had become loose and that it was not loosened by
the vehicles that passed over it immediately before the plaintiff was
injured.

It is said that the evidence that the track was repaired shortly after one o'clock and that the agents of the defendant showed due diligence in having it repaired immediately after its condition was discovered, was that of employees of the defendant. But such evidence was absolutely uncontradicted, sworn to by intelligent men whose evidence was unshaken on cross-examination, and against whom there was no charge of negligence. We have on the side of the plaintiff the presumption that arises from the fact that this rail was loose when the plaintiff stepped upon it. No one else ever saw it loose. Every other witness who was examined and testified about it has testified that it was not loose, but was tight; and then we have uncontradicted evidence that the rail was rendered perfectly secure as soon as it was discovered and the repair could be made. It seems to me that upon this trial, as upon the former one, any possible presumption or inference that the jury would have been allowed to indulge in from the evidence that the rail was loose when the plaintiff stepped upon it, was entirely rebutted by the uncontradicted evidence of every other person that examined the rail at the time, and of the means used to render it safe, so that a verdict charging the defendant with negligence would have been, not only against the weight of evidence, but entirely unsupported by evidence.

This is not a case where there was evidence to support the plaintiff's contention, which has been met by a preponderance of evidence, so that the court would be justified in setting aside a verdict as against the weight of evidence; but a case where, because of a presumption of law, a defendant was called upon to explain a condition that existed in its structure, and so explained it that the presumption which existed was entirely overcome. The jury could have found that the rail was loose when the plaintiff stepped upon it. But assuming that fact, taking the evidence as a whole, I think the defendant fully met the necessity of an explanation in relation to the condition of the rail, and that a finding in the face of this evidence that the defendant was negligent would be entirely unsupported by evidence.

We have lately had an expression of opinion by the Court of Appeals as to the nature of the evidence which justifies a court in submitting a question of fact to a jury. In *Laidlaw* v. *Sage* (158 N. Y. 73) the court quoted with approval Judge FOLGER in *Pol-*

*lock* v. *Pollock* (71 id. 137), where he says : " Insufficient evidence is, in the eye of the law, no evidence ; " MAULE, J., in *Jewell* v. *Parr* (13 C. B. 916), where he says : " When we say that there is no evidence to go to a jury, we do not mean that there is literally none, but that there is none which ought reasonably to satisfy a jury that the fact sought to be proved is established ; " Mr. Justice CLIFFORD in *Improvement Company* v. *Munson* (14 Wall. 442), where he says : " Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party ; " and Judge HAIGHT in *Hudson* v. *R., W. & O. R. R. Co.* (145 N. Y. 408), where he says : " But where the evidence which appears to be in conflict is nothing more than a mere scintilla, or where it is met by well-known and recognized scientific facts, about which there is no conflict, this court will still exercise jurisdiction to review and reverse if justice requires." And upon these and other authorities the court said : " Thus we see that this court has, in a long line of decisions, uniformly held that, to justify the submission to the jury of any issue, there must be sufficient proof to sustain the claim of the party upon whom the *onus* rests, and that mere conjecture, surmise, speculation, bare possibility, or a mere scintilla of evidence, is not enough." The determination in that case, bearing in mind the limitation of the jurisdiction of the Court of Appeals, which was only to reverse where it was error as a matter of law for the trial judge to refuse to direct a verdict, I think justifies the conclusion that where all the facts proved upon the trial, considered in relation to each other, so overwhelmingly negative the fact which the plaintiff is required to prove to sustain his cause of action that it would be the duty of the court to set aside a verdict as against the weight of evidence, that then a judge is justified in directing a verdict against the party upon whom the burden rests.

In this action the burden was on the plaintiff to prove that the defendant was negligent. There must be more than a surmise or conjecture or speculation, but affirmative proof. He showed that, about twelve o'clock on this day, the rail was loose, without a particle of evidence that the rail had been loose at any time before he stepped upon it, and it was proved without contradiction that in less

than an hour after he stepped upon it it was repaired. It also appeared without dispute that the employees of this defendant were constantly inspecting the road, several trips having been made over the road for the purpose of ascertaining whether anything was out of order on the same day and before the accident. With this evidence standing undisputed, what was it that the defendant could do that it did not do to keep this track in order? Its right to lay the tracks in the streets was not disputed. Its right to use this track for its cars is not disputed. It inspected the tracks, and the moment that anything wrong was discovered it took prompt measures to have it repaired, and such repairs were promptly made. It seems to me that to say upon this evidence, taken as a whole, that there was any evidence from which any jury could fairly find the defendant negligent, would require the submission to the jury of every case where a person is injured in crossing a railroad track in a street, and this where there is no evidence that any prudent person would have anticipated such an accident.

The plaintiff on this appeal claims that it now appears upon this trial, for the first time, that there was a telephone in the repair shop of the defendant, and that the defendant could have used the telephone to call up its trackmaster to notify him of the condition of the track; but there was nothing in the condition of the track as discovered by the inspector to make a failure to use the telephone negligence. When he examined the track the rail was not loose; there were merely two spikes withdrawn. He at once wrote a note to the trackmaster and gave it to the conductor of the next car to take to him. The note was delivered in due course, and immediately the trackmaster took steps to repair the track. There is nothing in my opinion to justify an inference that these employees did not act with due diligence, or to sustain the burden of proof which was upon the plaintiff that there was negligence.

I think the judgment appealed from should be affirmed, with costs.

RUMSEY and PATTERSON, JJ., concurred; HATCH, J., dissented.

Judgment affirmed, with costs.