## CASPER v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)

1. NEGLIGENCE—BURDEN OF PROOF.

In all actions for negligence the burden of proof is on the plaintiff at every stage of the case.

2. SAME—DIRECTION OF VERDICT.

It is proper to direct a verdict for defendant in an action for negligence, where all the facts proved, considered in relation to each other, so overwhelmingly negative the fact which plaintiff is required to prove to sustain his cause of action that it would be the duty of the court to set aside a verdict as against the weight of evidence.

3. STREET RAILROADS—DEFECTIVE TRACK—INJURY TO TRAVELER.

Plaintiff's foot was caught between a loose rail and the pavement of the street while walking across defendant's railroad track.   There was no evidence that the track was not properly constructed, or that the rail was not loosened by heavy vehicles which could have loosened it just before plaintiff stepped on it.   It appeared without dispute that a proper inspection of the track about an hour before the accident disclosed no defect except the absence of two spikes, and the same was at once reported by defendant's inspector to the track master, who repaired it within an hour after receiving' the report, but not until after the accident happened. The inspector could have used a telephone in reporting the defect, instead of sending a message with a conductor of the next car.   Held, that the presumption of defendant's negligence was rebutted, so that the court was justified in directing a nonsuit.

Hatch, J., dissenting.

Appeal from trial term, New York county.

Action by Sigmund R. Casper against the Dry Dock, East Broadway & Battery Railroad Company.   From a judgment entered on the dismissal of the complaint on a trial before a jury, plaintiff appeals. Affirmed.

Argued before PATTERSON, HATCH, RUMSEY, and INGRAHAM, JJ. .

Otto Horwitz, for appellant.

Charles F. Brown, for respondent.

INGRAHAM, J.   Upon the former appeal in this action (48 N. Y. Supp. 352) we held:   That the obligation of the defendant in relation to this track upon which it is claimed that the plaintiff was injured was twofold:   First, properly to construct it; and, second, after it was so constructed, to maintain it in a safe condition.   That, as there was no evidence to show that the track was not properly constructed, or that the plaintiff sustained any injury in consequence of improper construction, the only question was whether the evidence, taken as a whole, was sufficient to sustain a finding that the defendant was negligent in the performance of its duty to maintain this track in a safe condition; and, applying the rule stated in Worster v. Railroad Co., 50 N. Y. 205, and in Schild v. Railroad Co.,

133 N. Y. 449, 31 N. E. 327, we held that, upon the whole evidence, including the presumption that arose in consequence of the fact that a defect existed, the plaintiff had not sustained the burden of proof, and that the facts did not justify the jury in finding the defendant negligent. In all actions of negligence the burden of proof is upon the plaintiff at every stage of the case. As was said in Kay v. Railway Co., 163 N. Y. 447, 57 N. E. 751:

"When a party alleges the existence of a fact as the basis of a cause of action or defense, the burden is always upon the party who alleges the fact to establish it by proof. The onus probandi is upon him throughout. In the case at bar the plaintiff made out her cause of action prima facie by the aid of a legal presumption, but, when the proof was all in, the burden of proof had not shifted, but was still upon the plaintiff."

Assuming that in this case there was evidence to go to the jury that at the moment that this accident happened the rail had in some way become loosened, so that the plaintiff's foot was caught between the rail and the pavement, and that proof of this fact, unexplained, justified an inference of negligence, we are called upon to determine whether, upon the whole case, the defendant rebutted that presumption so that the court was justified in directing the jury to find a verdict for the defendant. In determining this question it is important to consider the nature of what is alleged to be the unsafe structure. Here was a railroad track laid through a city street paved with stone blocks. There is no evidence that this track protruded above the surrounding pavement, or that it was in a condition that a casual inspection would disclose the fact that it was out of order. It was not a patent obvious obstruction in the street, as in Worster v. Railroad Co., supra, nor as in Schild v. Railroad Co., supra, where the rail projected above the level of the street; but, if the plaintiff's evidence is to be believed, it was a case where the rail had become loose, so that, although apparently perfectly safe, it was possible for a person's foot to catch in the rail when stepping upon it. There is nothing to show that a railroad company could anticipate that such an accident could happen, or that a person stepping upon a rail of this weight or length could so displace it, even if the spikes had been drawn, and nothing to show that there was anything the matter with the rail at any time before it was discovered by the defendant's inspector, Sprowl, some time after 11 o'clock in the morning of the day of the accident. Sprowl testified that he was at this corner at half past 10 in the morning; and, although he says he did not at that time look at the track, he stood there seeing the cars come along through Lispenard street, and saw nothing the matter with the track. When he returned to this place about half an hour afterwards,—a little after 11 o'clock,—he then observed that there were two holes that needed spikes upon the easterly end of the rail. This is the first time that there is evidence to sustain a finding that there was anything wrong with the track. Thousands of persons passed over this track on the day in question, and no one of them was injured, and, so far as appears, no one noticed that the track was out of order, except the defendant's inspector and the plaintiff. And while it was the duty of the de-

fendant to know if the track was out of order, and to exercise active diligence in repairing any defect, still the liability is based upon negligence, and the burden of proof is upon the plaintiff to show negligence by which the plaintiff was injured. The street was in constant use by heavy vehicles, which could loosen the rail; and there is no evidence that, until the plaintiff stepped upon the rail, it had become loose, and that it was not loosened by the vehicles that passed over it immediately before the plaintiff was injured.

It is said that the evidence that the track was repaired shortly after 1 o'clock, and that the agents of the defendant showed due diligence in having it repaired immediately after its condition was discovered, was that of employés of the defendant. But they are facts absolutely uncontradicted, sworn to by intelligent men, whose evidence was unshaken on cross-examination, and against whom there was no charge of negligence. We have on the side of the plaintiff the presumption that arises from the fact that this rail was loose when the plaintiff stepped upon it. No one else ever saw it loose. Every other witness who examined and testified about it has testified that it was not loose, but was tight; and then we have uncontradicted evidence that the rail was rendered perfectly secure as soon as it was discovered, and the repair could be made. It seems to me that upon this trial, as upon the former one, any possible presumption or inference that the jury would have been allowed to indulge in from the evidence that the rail was loose when the plaintiff stepped upon it was entirely rebutted by the uncontradicted evidence of every other person that examined the rail at the time, and of the means used to render it safe, so that a verdict charging the defendant with negligence would have been not only against the weight of evidence, but entirely unsupported by evidence. This is not a case where there was evidence to support the plaintiff's contention, which has been met by a preponderance of evidence, so that the court would be justified in setting aside a verdict as against the weight of evidence, but not justified in directing a verdict for the party in whose favor the evidence preponderated; but a case where, because of a presumption of law, a defendant was called upon to explain a condition that existed in its structure, and so explained it that the presumption which existed was entirely overcome. The jury could have found that the rail was loose when the plaintiff stepped upon it. But, assuming that fact, taking the evidence as a whole, I think the defendant fully met the necessity of an explanation in relation to the condition of the rail, and that a finding in the face of this evidence that the defendant was negligent would be entirely unsupported by evidence.

We have lately had an expression of opinion by the court of appeals as to the nature of the evidence which justifies a court in submitting a question of fact to a jury. In Laidlaw v. Sage, 158 N. Y. 731, 52 N. E. 679, the court quoted with approval Judge Folger in Pollock v. Pollock, 71 N. Y. 137, where he says: "Insufficient evidence is, in the eye of the law, no evidence;" Maule, J., in Jewell v. Parr, 13 C. B. 918, where he says: "When we say that there is no evidence to go to a jury, we do not mean literally none, but that

there is none that ought reasonably to satisfy a jury that the fact sought to be proved is established;" Mr. Justice Clifford in Improvement Co. v. Munson, 14 Wall. 442, 20 L. Ed. 867, where he says: "Nor are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party;" and Judge Haight in Hudson v. Railroad Co., 145 N. Y. 408, 40 N. E. 8, where he says: "But where the evidence which appears to be in conflict is nothing more than a mere scintilla, or where it is met by well-known and recognized scientific facts, about which there is no conflict, this court will still exercise jurisdiction to review and reverse if justice requires." And upon these and other authorities, the court said: "Thus we see that this court has, in a long line of decisions, uniformly held that, to justify the submission to the jury of any issue, there must be sufficient proof to sustain the claim of the party upon whom the onus rests, and that mere conjecture, surmise, speculation, bare possibility, or a mere scintilla of evidence is not enough." The determination in that case, bearing in mind the limitation of the jurisdiction of the court of appeals, which was only to reverse where it was error as a matter of law for the trial judge to refuse to direct a verdict, I think justifies the conclusion that, where all the facts proved upon the trial, considered in relation to each other, so overwhelmingly negative the fact which the plaintiff is required to prove to sustain his cause of action that it would be the duty of the court to set aside a verdict as against the weight of evidence, then a judge is justified in directing a verdict against the party upon whom the burden rests. In this action the burden was on the plaintiff to prove that the defendant was negligent. There must be more than a surmise, or conjecture, or speculation, but affirmative proof. He showed that about 12 o'clock on this day the rail was loose, without a particle of evidence that the rail had been loose at any time before he stepped upon it; and it was proved without contradiction that in less than an hour after he stepped upon it it was repaired. It also appeared without dispute that the employés of this defendant were constantly inspecting the road, several trips having been made over the road for the purpose of ascertaining whether anything was out of order on the same day and before the accident. With this evidence standing undisputed, what was it that the defendant could do that it did not do to keep this track in order? Its right to lay the tracks in the streets was not disputed. Its right to use this track for its cars is not disputed. It inspected the tracks, and, the moment that anything wrong was discovered, it took prompt measures to have it repaired, and such repairs were promptly made. It seems to me that to say upon this evidence, taken as a whole, that there was any evidence from which any jury could fairly find the defendant negligent, would require the submission to the jury of every case where a person is injured in crossing a railroad track in a street, and this where there is no evidence that any prudent person would have anticipated such an accident.

The plaintiff on this appeal claims that it now appears upon this trial for the first time that there was a telephone in the repair shop of the defendant, and that the defendant could have used the telephone to call up its track master to notify him of the condition of the track. But there was nothing in the condition of the track, as discovered by the inspector, to make a failure to use the telephone negligence. When he examined the track, the rail was not loose; there were merely two spikes withdrawn. He at once wrote a note to the track master, and gave it to the conductor of the next car to take to him. The note was delivered in due course, and immediately the track master took steps to repair the track. There is nothing, in my opinion, to justify an inference that these employés did not act with due diligence, or to sustain the burden of proof which was upon the plaintiff that there was negligence.

I think the judgment appealed from should be affirmed, with costs. All concur, except HATCH, J., who dissents.