## GOLDBERG v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. WITNESSES—CROSS-EXAMINATION—IMPEACHMENT.
    Where, in an action against a street railway company for injuries, a witness for plaintiff, who saw the accident, denied on cross-examination that he had refused to tell defendant's agent how the accident happened unless he received a certain sum of money, and then stated that defendant's agent had offered him the amount named, and that he had refused to take it, defendant was bound by this testimony, and could not afterwards contradict it; it not having been reverted to in the examination in chief, and the witness not being shown to be an agent of plaintiff.

Appeal from City Court of New York, General Term.

Action by Elias David Goldberg against the Metropolitan Street Railway Company. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Sanders & Feltenstein, for appellant.

Bayard H. Ames and F. A. Gaynor, for respondent.

GILDERSLEEVE, J. The action is for personal injuries received through the alleged negligence of the defendant's servants. The plaintiff was a passenger upon one of the defendant's cars, and, in attempting to alight from the car, fell or was thrown to the ground, sustaining certain injuries.

The judgment is first challenged upon the ground that the verdict is against the weight of evidence. There is a sharp conflict of testimony. We find sufficient evidence to support the verdict of the jury, and the judgment should not be disturbed upon this ground.

We think the second ground upon which the appellant assails the judgment is tenable and constitutes reversible error. One Moskowitz was called by the plaintiff, and testified that he saw the accident from the street: He said:

"I saw the man wanted to get off the car, and when he had one foot on the ground, and perhaps the other on the floor, the car started, and he fell down. * * *"

Moskowitz, on cross-examination, was asked by defendant's counsel as follows:

"Q. You are the gentleman, are you not, that refused to tell Mr. Dunn [indicating in the courtroom] how the accident happened, at your place of business, until you got $100? A. No, sir; he offered me $100, and I refused to take it. Q. You refused $100. A. Yes; refused to take any money whatsoever. Q. In this case? A. Yes, sir."

On the defendant's case, one Dunn was sworn, and testified that he was employed by the defendant, and thereupon, over the objection and exception of plaintiff's counsel, was permitted to testify that Moskowitz had refused to tell him anything about the accident until Moskowitz was given $100. The grounds of the objection, as stated by plaintiff's counsel, were:

"It is incompetent, irrelevant, and immaterial; no proper foundation has been laid for it; that it is hearsay and collateral evidence brought out by themselves, by which answer they are bound."

This matter was not brought out on the direct examination. It was new matter, drawn out by the defendant's counsel, and had no relation to his direct testimony. Moskowitz was not the agent of the plaintiff to make such admission, nor was the alleged fact that such admission was made brought home to the plaintiff in any way. Had it been objected to when Moskowitz, was under cross-examination, it should have been excluded. It was received without objection, was binding upon the defendant, and the defendant had no right to contradict it. It was irrelevant to the case, and the endeavor to con-

tradict it was an attempt to raise a collateral issue, which is not permissible. Kay v. Met. St. Ry., 163 N. Y. 447, 57 N. E. 751; McNeill v. Same, 20 Misc. Rep. 426, 45 N. Y. Supp. 1030. The defendant's counsel could not lay the foundation for impeaching Moskowitz, an opposing witness, by asking questions on cross-examination calculated to bring out new matter that had no relation to the direct testimony of the witness. It is well settled that a witness cannot be impeached in this manner. Kay v. Met. St. Ry., supra; McNeill v. Same, supra; Deutschmann v. Third Ave., 78 App. Div. 413, 79 N. Y. Supp. 1043. The case presented a closely contested question of fact, and it is highly probable that the admission of the evidence in question was prejudicial to the plaintiff.

It follows that the judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.