## BAKER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   January 7, 1904.)

1. CARRIERS—STREET RAILWAY—INJURY TO PASSENGER IN ALIGHTING—SUBMIS-
SION OF CASE TO JURY.

Evidence in an action by a street car passenger injured in attempting to alight *held* too uncertain and contradictory to warrant submitting the issues of negligence and freedom from contributory negligence to the jury.

2. APPEAL FROM DISMISSAL OF COMPLAINT—SCOPE OF REVIEW.

On an appeal from the dismissal of a complaint at the end of plaintiff's case the Supreme Court is not limited to reviewing the ground assigned by the trial court for its action, but must examine the entire record.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by John H. Baker against the Interurban Street Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Adolph Cohen (G. A. Moses, of counsel), for appellant.
H. A. Robinson (Wm. E. Weaver, of counsel), for respondent.

GILDERSLEEVE, J.   The action is for negligence.   The plaintiff was injured by being, as he alleges, thrown off the defendant's car. The court dismissed the complaint at the end of the plaintiff's case. Plaintiff appeals.

Plaintiff was a passenger on defendant's open electric surface car. When the car came near 116th street he signaled to the conductor to stop, and arose to get off. The car came to a stop, and other passengers got off. Plaintiff placed his left hand on the back of the seat in front of him, and his right hand on the handle bar, and was about to lift his right foot on the platform or running board, when he was thrown off the car, as he claims, by the sudden starting of the same. He testified, in answer to the court, as follows:

"There was nobody in the seat but myself.   Nobody was in the way of my getting out.   There was no person between me and the rail and the footboard. Q. Some people got out of that car, and you did not get out.   Why didn't you get out?   A. I suppose I was a little tardy.   I did not get my foot down upon the run board.   Q. Was the car in motion when you got up and you put your hand on the front of the seat?   A. Yes, sir.   Q. So that it started after leaving those people out?   A. Yes, sir.   Q. And it was after the car was in motion that you attempted to get out of the car, is that right?   A. I think it was."

Further on he testified, in reply to his own counsel:

"Q. Did the car stop to let passengers off before you arose to get out?   Did the car stop to let passengers off, and then did you rise to get out after the car had started?   A. I rose to get out before the car stopped.   Q. And then, before you got out, what happened?   A. The sudden jerk of the car threw me off the car, and I fell in the street."

The plaintiff was the only witness as to the circumstances of the accident, and the foregoing is the substance of his testimony.   It is

too contradictory and uncertain to warrant a jury in resolving the question of the defendant's negligence and the question of the plaintiff's freedom from contributory negligence in the plaintiff's favor. The proof is defective, and facts essential to the plaintiff's right to recover could only be reached by the jury by conjecture, surmise, or guess. The complaint was properly dismissed. Martin v. Third Ave. R. R. Co., 27 App. Div. 52, 50 N. Y. Supp. 284; Casper v. Dry Dock, etc., 56 App. Div. 372, 67 N. Y. Supp. 805. On this appeal we are not limited to a review solely of the ground assigned by the trial court for dismissing the complaint. We must examine the entire record.

Judgment is affirmed, with costs to the respondent. All concur.