## McGURK v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.  May 23, 1905.)

WITNESSES—IMPEACHMENT—CROSS-EXAMINATION.

 Where, in an action for injuries to plaintiff in a collision between a street car and a truck, the motorman was asked on cross-examination whether he had not seen T., who had testified as an eyewitness, standing at the place of the accident, and whether T. had not asked the motorman why he ran into the truck, to which he made an abusive reply, which the motorman denied, he not having testified with reference thereto on direct examination, plaintiff made him his own witness, and was not thereafter entitled to impeach him by proving the conversation referred to.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Peter McGurk against the New York City Railway Company.  From a Municipal Court judgment in favor of plaintiff, defendant appeals.  Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

William E. Weaver, for appellant.

Ingram, Root & Massey (Albert P. Massey, of counsel), for respondent.

DOWLING, J.  The assignment of error relied upon in this appeal is a ruling of the trial court upon the admission of certain evidence under objection.  The action is one brought to recover for damages sustained by plaintiff, a truck driver, while driving his truck along West Broadway, in this city, by a collision therewith of one of defendant's cars, as alleged, through the negligence of defendant.  Defendant's motorman, called as a witness on its behalf, had testified to his recollection of the occurrence in question, when, at the close of his recross-examination, he was asked: "Q. Did you see this gentleman, Mr. Tennessee, standing there?"  To which he answered: "I don't know who he is.  I did not see him."  Tennessee was the first witness called on plaintiff's behalf, and had testified as an eyewitness of the occurrence.  The motorman, Harvey, was then asked whether Tennessee had not asked him why he (Harvey) ran into the truck, to which he had made an abusive reply, and Harvey denied the same absolutely.  The witness Tennessee, recalled, was then, against defendant's objection, allowed to testify that he had asked the motorman immediately after the accident, "Do you know that you hurt a fellow?"  To which the motorman made the abusive reply as to which he had been questioned.  The motorman's alleged reply was in no way relevant or material as to the matter at issue.  It contained no admission or declaration as to the cause of the collision.  It in no way contradicted any of his testimony brought out upon direct examination.  The only purpose of offering the proof, and the effect of its receipt, were to impress the jury with the idea of Harvey's lack of credibility.  But the matter in question (i. e., the conversation with Tennessee) was not brought out on the direct examination of

Harvey, nor was he questioned regarding any such topic. The plaintiff's counsel, therefore, by asking him the question as to any conversation with Tennessee, made him the plaintiff's witness as to such new matter, and could not contradict him thereupon; and as the only effect of Tennessee's evidence was to impeach Harvey upon a point of conversation between them which threw no light on the cause of the accident, and not to give any material evidence upon any issue in the case, it was improperly received. Kay v. Metropolitan St. Ry. Co., 163 N. Y. 447, 57 N. E. 751; Becker v. Koch, 104 N. Y. 401, 10 N. E. 701, 58 Am. Rep. 515.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.