> In an action for injuries to a passenger who fell from a street car owing to the opening of a gate while he was leaning upon it, an instruction that defendant must prove itself free from negligence was erroneous, as shifting the burden of proof to defendant.

> [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1283, 1334.]

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Hugh B. Greer against the Union Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ

William E. Weaver, for appellant.
H. M. Greene, for respondent.

DAVIS, J. Action by the plaintiff to recover damages for personal injuries received in falling from one of the defendant's surface cars. The plaintiff was standing on the rear platform of the car. He leaned against the iron gate, which was supposed to be closed for the better security of the passenger, and, according to his statement, the gate immediately opened, and he fell from the platform, and was dragged 150 feet. The case was tried before a jury, and a verdict was rendered in favor of the plaintiff for $300. The learned trial justice appears to have submitted the case to the jury with an instruction that the doctrine of res ipsa loquitur applied to the case. That doctrine probably did apply, but we think the justice did not correctly state the legal effect of the doctrine. For instance, the defendant's attorney asked the court to charge that negligence upon the part of the company is not to be inferred from the mere happening of the accident. This was a clear request to charge that the doctrine of res ipsa loquitur did not apply to the facts of the case. In answer to this request the court said: "I charge this, that in view of the fact that the gate did go open, it is for you to prove yourself free from negligence." We think the learned justice went too far in charging that the defendant was called upon to prove itself free from negligence. The effect of this charge was to shift the burden of proving plaintiff's case to the defendant, and this burden never shifts. If the defendant's evidence explaining the happening of the accident, taken with all the other evidence in the case, left the jury in doubt as to whether or not the defendant's negligence

caused the accident, it would be their duty to find for the defendant. But the charge of the court went further than this, and submitted to the jury the question of whether, on the whole evidence, the defendant had proved itself affirmatively free from negligence. This was error, for which the judgment appealed from should be reversed. Kay v. Met. St. Ry. Co., 163 N. Y. 447, 453, 57 N. E. 751.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.