■ NICHOLAS TARULLI et al., Appellants, v. SALVATORE SALANITRI et al., Respondents.— Appeal by plaintiffs from a judgment of the Supreme Court, Suffolk County, entered June 10, 1968, in favor of defendants, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to appellants to abide the event. The questions of fact have not been considered. Upon the trial of this action to recover damages for personal injuries, medical expense and loss of services resulting from a collision between the parties' respective automobiles, plaintiffs produced a police officer who testified in their behalf. Defendants' counsel cross-examined the officer as to matters not brought out on direct examination and while doing so observed the officer looking at a paper which the latter said was an official police department report of the accident that he had made out. He did not see the accident happen, but he did

observe the approximate location of the points of contact between the vehicles when he arrived on the scene shortly after the accident. The report contained a diagram showing these points of contact. The diagram also showed the relative positions of the vehicles prior to the accident, and the report contained a description of the accident. These latter two items were admittedly based on information furnished to the officer by defendant Stanley F. Salanitri, the driver of the automobile which struck plaintiffs' car. The entire report was received in evidence over plaintiffs' objection. In our opinion this was error. By cross-examining the police officer as to matters not brought out on direct examination, defendants' counsel made the witness his own; and the examination became the direct and affirmative evidence of the examining party, subject to the appropriate restraints (8 Carmody-Wait 2d, New York Practice, p. 226; Richardson, Evidence [9th ed.], § 527, p. 536). Thus, defendants' counsel was bound by the officer's answers and could not impeach them, since to do so would be to impeach his own witness (*Kay* v. *Metropolitan St. Ry. Co.,* 163 N. Y. 447, 451–452). If the writing refreshed the recollection of the witness, it could not properly be shown to the jury by the party using it (here the defendants); only the opposing party — here the plaintiffs — had the right to have the jury see it (see *People* v. *Reger,* 13 A D 2d 63, 70–71). Since substantial prejudice may very well have resulted from the improper receipt of the police report in evidence, a new trial should be had (cf. *Bennett* v. *Crescent Athletic-Hamilton Club,* 270 N. Y. 456, 458). Hopkins, Acting P. J., Munder, Martuscello, Kleinfeld and Benjamin, JJ., concur.