The plaintiff's intestate was a switchman of experience, had been employed by the defendant a number of years, and had worked for some months in the yard where the accident occurred. The mode of construction of the switch was perfectly obvious, and must be deemed, within the principle of a long line of cases, to involve a risk of the employment. There was nothing either in the mode of construction or in the actual condition of the switch at the time of the occurrence which had not existed for a considerable period, or which was not discoverable by ordinary observation. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

———

PALMER et al. v. LARCHMONT HORSE RY. CO. et al.

(Supreme Court, Appellate Division, Second Department.    June 3, 1904.)

1. STREET RAILROADS—COLLISION—NEGLIGENCE—EVIDENCE—INSTRUCTIONS.
    In an action against a street railway company for the negligent killing of plaintiff's intestate the negligence ascribed to defendant was that of the motorman in charge of the car colliding with decedent. On the trial evidence was given showing that just previous to the accident, and at the time of its occurrence, the conductor was talking and laughing with passengers on the car. *Held* that, though no claim was made on the trial that decedent was killed through the conductor's negligence, it was reversible error to refuse to charge that there was no evidence warranting a finding that the collision was due to the conductor's negligence, it not appearing that the proof of the action of the conductor was limited to showing that he and the passengers did not know of any danger.

Appeal from Trial Term, Westchester County.

Action by Bryant S. Palmer and another, as administrators of Floyd T. James, deceased, against the Larchmont Horse Railway Company and another. From a judgment for plaintiffs, and from an order denying a motion for a new trial on the minutes defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Isaac N. Mills, for appellants.
Arthur C. Palmer, for respondents.

HIRSCHBERG, P. J.    A number of questions are presented upon this appeal, but in the view taken one only requires determination. The plaintiffs' intestate, while driving upon a public highway in the town of Mamaroneck, was killed in a collision with a trolley car on a line of road claimed to be operated by the defendants jointly. The negligence chiefly, if not solely, ascribed to the defendants was that of the motorman who was in charge of the car at the time of the accident. But considerable evidence was given by the plaintiffs upon the trial to the effect that just previous to the accident, and at the time of its occurrence, the conductor was talking and laughing with some friends of his, who were passengers upon the car. There is

nothing in the record to indicate that the attention of the jury was at any time called to the fact that this evidence was received under any limitations which would negative the suggestion that they might regard it as proof of inattention to his duties on the part of the conductor which might be chargeable to the defendants as negligence. The learned counsel for the defendants requested the court to charge the jury that "there is no evidence in the case to warrant the jury in finding that the collision was due at all to any negligence of the conductor." This request was refused, and an exception was taken.

The learned counsel for the respondents alleges in his brief that no claim was made upon the trial that the decedent was killed through the conductor's negligence, and asserts that "the proof that Hess, the conductor, was engaged in conversation with Baldwin and Bauman, and that they were laughing down until the time the car came to a full stop, was offered to show that neither of the three heard anything to indicate danger, and did not know that any danger was to be apprehended until the car had come to a full stop." As I have said, it does not appear that the evidence was offered for the purpose stated, and the refusal to charge as requested might well be regarded by the jury as equivalent to an instruction that they might find for the plaintiffs if they considered the conductor to have been negligent in talking and laughing with the passengers, when, by an alert attention to his duty, he might have done something to avert the disaster. If the evidence given of his behavior was not intended to charge the conductor with negligence, the defendants were clearly entitled to have the jury so informed. It cannot be said that the jury was not misled, for even the court will sometimes regard the behavior of a conductor as proof of negligence, where, upon review, no connection with the accident will be deemed deducible from it. See Monroe v. Metropolitan Street R. Co., 79 App. Div. 587, 589, 80 N. Y. Supp. 177. As the terms of the submission of the case permitted the jury to speculate upon the effect of negligence which did not exist in fact, and the verdict may have been thereby influenced, a new trial is required. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.