### JONES v. JOHN KROEDER & HENRY REUBEL CO.

(Supreme Court, Appellate Division, Second Department. June 10, 1904.)

1. INJURY TO EMPLOYÉ—DEFECTIVE MACHINE—KNOWLEDGE OF DEFENDANT—EVIDENCE—INSTRUCTIONS.

Though the liability of defendant in an action for injury to an employé from the machine at which he was working did not depend on the machine having been out of repair before plaintiff was put to work on it, yet the complaint having alleged this as negligence, and as matter of law there being no evidence that it was then out of order, the court should have given the requested instruction that there was no evidence that defendant had any knowledge that it was out of order before plaintiff was put to work.

Hirschberg, P. J., and Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by George Jones, an infant, by Edward M. Jones, his guardian ad litem, against the John Kroeder & Henry Reubel Company. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

H. Snowden Marshall, for appellant.
Henry A. Powell, for respondent.

JENKS, J. The action is by a servant against master. The servant complains that the master was careless and negligent in putting him at work on a steam power press when the master knew at the time that it was out of order and defective, in failing to inspect properly the press or to keep it in repair, and in failing to furnish safe and proper materials and appliances. The plaintiff recovered.

I advise that the judgment be reversed, and that a new trial be granted for an error in the instructions to the jury. The learned counsel for the appellant asked the court to charge that there was no evidence that there was any knowledge on the part of the defendant that the machine was out of order before the plaintiff was put to work. The request was refused under exception, the court saying, "It is a question for them whether defendant ought not to have known it," and further exception was taken. The version of the plaintiff is that he was put to work on the press on the day of the accident; that he worked at it without any difficulty for an hour or an hour and a half; that he then, noticing that the die fell without any pressure on the treadle, called the defect to the attention of the superintendent, who replied, "That is all right; go over there; you don't understand the machine." He returned to his work, and shortly thereafter his fingers were crushed by the fall of the die. He tes-

tifies that he does not know, and did not know on the day of the accident, "what was the matter with that machine," or "whether it was not some temporary thing caught in it, or something of that sort." There is not the slightest evidence on the part of the plaintiff that the press was out of order, or did not work normally, before the plaintiff was put at it. There is not the slightest evidence that the alleged fault would be apparent to due inspection, or was attributable to any defect which could have been remedied by such an inspection. The inference would be that, if the machine worked in good order for an hour and a half before the accident, the defect or fault arose subsequent to the time that the plaintiff began to work it. All the evidence of the defendant is that inspection of the machine immediately after the accident showed no defect, that it worked normally, and that another hand went to work at it without any repair or change being made. So there is nothing in the evidence of the defendant that makes for the plaintiff on this point. Although it is true that the liability of the defendant under the circumstances did not depend upon evidence of the machine being out of repair before the plaintiff was put to work on it, yet the plaintiff had pleaded this as a neglect of the defendant. Whether there was any evidence upon this feature of the case was a question of law, and, if there was not, it was the duty of the court to give the instruction requested. Storey v. Brennan, 15 N. Y. 524, 526, 69 Am. Dec. 629; Thalheimer v. Lamont, 9 N. Y. St. Rep. 439; Booth v. Boston & Albany Railroad Co., 67 N. Y. 593; Hine v. New York Elevated R. R. Co., 36 Hun, 293.

The judgment and order should be reversed, and a new trial be granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., and HOOKER, J., who dissent.