## SEALEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.    October 14, 1904.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—EVIDENCE.

Where, in an action by a pedestrian for injuries sustained in a collision with a street car, the complaint alleged negligence on the part of the motormen in charge of cars traveling in the opposite direction on separate tracks, and the evidence failed to show negligence on the part of the motorman in charge of one of the cars, it was error to refuse to charge that there was no evidence on which the jury could predicate negligence on the part of the latter motorman, though the court stated that both sides claimed that the injury was caused by the other car.

Appeal from Trial Term, Kings County.

Action by Lydia A. Sealey against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

See 79 N. Y. Supp. 677.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Bayard H. Ames, for appellant.
Abram H. Dailey (Melville J. France, on the brief), for respondent.

HIRSCHBERG, P. J.    The plaintiff was struck by one of the defendant's trolley cars while she was attempting to cross the Bowery, in the borough of Manhattan, on the southerly crossing at Fourth street. She was crossing from the west, and was obliged to cross four tracks, the first two being southerly or downtown tracks, and the last two northerly or uptown tracks. When she attempted to cross a car was going down upon the second track and one was coming up upon the third track. The uptown car struck her and inflicted the injuries complained of.

The learned counsel for the respondent state the facts in their brief as follows, omitting reference to folios of the printed "case":

"She was seen to look both up and down the street before attempting to cross. Between 5:30 and 6:30 p. m. as many as 4,000 to 7,000 persons cross there. The view up and down the street was unobstructed. There was no obstruction in the way to prevent the motorman of those cars from seeing this lady going across the street. There were two cars in sight; one coming south on the second track, and one coming north on the third track. Each car was about half a block from the crossing. She walked quickly across the first and second (the downtown) tracks, and was just on the first rail of the first uptown track when she saw the north-bound car so nearly upon her that she started to retreat, but the south-bound car came down back of her, and she attempted to escape by running uptown between the cars, when the passing uptown car struck her with some projecting portions upon the head, and she fell, and was taken out from between the cars."

Witnesses on plaintiff's behalf testified that when the plaintiff was struck the motorman of the downtown car slackened his speed and stopped his car at about the center of Fourth street, between the north and south crossings. The plaintiff did not testify, it being alleged in the complaint that she is suffering from mental alienation as a result of the accident.

The negligence alleged in the complaint is attributed to those in charge of both cars, but no evidence was given which would justify a finding of negligence on the part of the motorman of the downtown car. Assuming that the plaintiff, before being struck, was placed in a position of peril by negligence on the part of the motorman of the uptown car, there was no evidence tending to prove that the other motorman negligently did anything calculated to enhance the peril, or negligently omitted to do anything which would have been calculated to avert its consequences; nor was there any evidence tending to indicate that, in the exercise of reasonable care, he could have done more than he did do in stopping his car before it reached the southerly crossing. The defendant's counsel asked the court to charge the jury "that there is no evidence upon which they can predicate negligence on the part of the motorman coming downtown." This request was refused, and an exception taken; the court saying, "I think the whole case is for the jury." The court added, it is true, that "both sides claim the injury was caused by the uptown car"; but the effect of the refusal was to permit the jury to find that the injury occasioned by the uptown car might, under the proof, be attributed in part, at least, to negligence on the part of the motorman of the other car. Such negligence having been alleged in the complaint, but not proven on the trial, the defendant was clearly entitled to the instruction requested. See Palmer v. Larchmont Horse R. Co., 95 App. Div. 106, 88 N. Y. Supp. 447.

The learned counsel for the respondent claim in their brief that as the plaintiff, if she had stepped back from the uptown track, would have been hit by the downtown car, the court was correct in saying that the whole case was for the jury. Of course, all the facts in the case were for the jury; and it may well be that the presence and the propinquity of the downtown car presented a salient feature of fact which the jury was entitled to take into consideration in determining both the question of negligence on the part of the motorman of the uptown car and the possible contributory negligence of the plaintiff. But the manner of the running of the downtown car was not in the case for the purpose of predicating negligence in the management, in the utter absence of evidence tending to establish it; and it was error to allow the jury to base a recovery upon such speculation as they might possibly see fit to indulge in in that regard.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.