to the secretary, who indorsed and returned it to Jones, and made the record of the change in defendant's books, which have remained in its possession from the date of the change in 1887 to March, 1905, when Jones died, during which time Jones paid his assessments and dues, as they became due, to defendant, which received the same, knowing the name of the beneficiary was not recorded in its books; and if there was no substantial compliance with the by-laws, defendant must be held to have waived the objection that the name of the beneficiary was not upon its books. It follows, therefore, that upon the death of Jones, defendant became liable upon the certificate (satisfactory proof of death having been furnished defendant as required by its by-laws), providing a beneficiary was named in his will. By the sixth paragraph of his will he provides:

"All the rest, residue, and remainder of my estate and property of every sort, nature, and description and wheresoever the same may be situate of which I may die seised, possessed, or entitled to, I give, devise, and bequeath to the Brooklyn Trust Company of the borough of Brooklyn, city of New York, the same to be had and held by them and their successors and assigns, but nevertheless in trust and to and for the use and purposes following that is to say:" etc.

We think it was the intention of the testator to name the plaintiff, in its character as testamentary trustee, as his beneficiary. He had long before expressed his intention to name a beneficiary in his will, and while here, as in the case of Kepler v. Supreme Lodge, Knights of Honor, 45 Hun, 274, the will did not specifically mention the fund, yet he does effectually dispose of the fund given to his trustee for the benefit of certain of his heirs by the residuary clause of his will. The learned counsel for the defendant calls our attention to the fact that "the officers of the defendant would very cheerfully pay a 'benefit. upon Mr. Jones' membership, if they believed they could rightfully do so," etc. We think it would be all right to pay, and answer the question, "Did the said George W. Jones, after the death of his wife, designate a person who should be entitled to receive the amount that would be due, from the 'Seventh Regiment Veteran and Active League,' in the event of his death, as required by and in accordance with the by-laws of said league?" in the affirmative, and direct judgment for the plaintiff, in accordance with the stipulation.

Judgment for plaintiff, without costs, on submission of controversy. All concur.

---

### DEAN v. TARRYTOWN, W. P. & M. RY. CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. CARRIERS—STREET RAILROADS—ACTIONS FOR INJURIES—EVIDENCE—INSTRUCTIONS.

Where, in an action against a street railway company, it was charged that the company was negligent in the use of a defective car and appliances, and the proof showed that the car was in good order, and that the accident was due to an electrically charged broken cross-wire from a pole for the trolley wire coming in contact with the iron hood of the car, the refusal to charge that there was no evidence warranting a finding that

the accident happened from any defect of the car was erroneous, as leading the jury to infer that the court thought that there was evidence that the car was defective.

2. NEGLIGENCE—BURDEN OF PROOF.

That the nature of an accident may call on one charged with negligence causing it to explain the occurrence does not shift the burden on the issue of negligence from him who asserts it to him who is charged therewith.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 217, 218, 224, 225.]

Hooker, J., dissenting.

Appeal from Westchester County Court.

Action by Anna Dean against the Tarrytown, White Plains & Mamaroneck Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed and new trial ordered.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Bayard H. Ames (Henry A. Robinson, on the brief), for appellant. Winfield L. Morse, for respondent.

JENKS, J. The plaintiff complains that the defendant's street surface electric trolley car, in which she was a passenger, became unmanageable, part of its mechanism exploded, blew up, or was burned out, flames and sparks of fire appeared, loud reports were heard, the car oscillated violently, its lights went out, and that, when terror-stricken she sought to escape out of the car, she was thrown to the ground and was injured. The negligence charged is the use of a defective, inadequate, and improper car, machinery, and appliances.

The defendant asked the learned court to charge, "there is no evidence to warrant a jury in finding that this accident happened from any defective condition of the car," and excepted to a refusal. The plaintiff had pleaded, inter alia, that the car was defective. She did not offer any proof to show or tending to show that the car was in a defective condition which in any way could have caused the accident or contributed to it, or that such an accident could have come from a defective car, but not to it in good order. She relies upon the disturbance itself. However, her witness Redhill, speaking of the time immediately prior to the disturbance, testifies:

"The car was approaching apparently like any car would come; everything being all right. Then all of a sudden there was a great flash of light in the front of the car and a crackling noise, as though there were something the matter in the front, and then finally the light seemed to be tearing all around the car as though it was made on the back of the car, and on top and back again."

The defendant, put to explanation, makes it, and thereby adequately accounts for the accident, in that a cross-wire from a pole for the trolley wire became broken, hung over the feed wire, and hence was charged with electricity so that, when it came in contact with the iron hood of the car running into it, the disturbance testified to was the inevitable result. There is no dispute about this, indeed the plaintiff's witness Redhill testifies to the fact of the broken trolley wire belong-

ing to one of the poles trailing along the railroad. There is no proof, contention, or suggestion that this electrical disturbance was due to any defect in the car itself. There is proof that the car was in good order before, during and after the accident. From the refusal of the instruction the jury might properly infer that the court thought that there was evidence that the car was defective, and hence it is possible that the element of a defective car may have been considered by the jury and have induced or influenced it to find for the plaintiff. If the jury had received the instruction, it cannot be said that, nevertheless, its verdict would have been the same, for it is possible that upon the proof it might have concluded that the defendant was not liable for the consequences of the broken wire. I think the error requires reversal of the judgment. Jones v. Kroder & Roubel Co., 95 App. Div. 140, 88 N. Y. Supp. 870; Storey v. Brennan, 15 N. Y. 524, 69 Am. Dec. 629; Thalheimer v. Lamont, 9 N. Y. St. Rep. 439; Booth v. Boston & Albany R. R. Co., 67 N. Y. 593; Hine v. New York Elevated R. R. Co., 36 Hun, 293; Palmer v. Larchmont Horse R. Co., 95 App. Div. 106, 88 N. Y. Supp. 447.

And I am not clear but that the learned county court confused the lay minds of the jury on the question of the burden of proof. I can understand that the court had in mind the principle that often, in view of the character of an accident, the defendant is put to an explanation of it; but, in attempting to express this rule, the courts sometimes fall into the general expression that the burden of proof is on the defendant. This is not accurate, and it is apt to mislead. Upon the issue of negligence the burden is upon him who charges it. The fact that the very nature of the accident may call upon him, who is charged with negligence therefor, to explain the occurrence, does not lift the burden upon the issue of negligence from him who asserts it, and put it upon him who is charged therewith. In the terse words of Cullen, J., in Jones v. Union Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321: "A presumption does not shift the burden of proof." See, too, Kay v. Metropolitan Street Ry. Co., 163 N. Y. 447, 57 N. E. 751, and authorities cited.

The judgment and order are reversed, and a new trial is ordered, costs to abide the event. All concur, except HOOKER, J., who dissents.