MAHER v. METROPOLITAN STREET RY. CO. et al.

(Supreme Court, Appellate Division, First Department.   March 24, 1905.)

1. NEGLIGENCE—PERSONAL INJURIES—QUESTION FOR JURY.

   In an action against an ice company for injuries to plaintiff while a passenger on a street car by a collision of the defendant's wagon with the car, whether the defendant was guilty of negligence *held* a question for the jury.

2. CARRIER—PERSONAL INJURIES—NEGLIGENCE—BURDEN OF PROOF.

   In an action against a street railroad for injuries to plaintiff while a passenger on one of defendant's cars by a collision with a wagon, the burden of proving negligence on the part of the defendant rested on plaintiff throughout the trial, and was not changed by proof of plaintiff's injuries by the collision, which, with the aid of legal presumptions, made out plaintiff's prima facie case against the defendant.

Appeal from Trial Term, New York County.

Action by Michael Maher against the Metropolitan Street Railway and the American Ice Company.   From a judgment for plaintiff and an order denying a motion for a new trial, both defendants separately appeal.   Affirmed as to the ice company, and reversed as to the street railway company.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant Metropolitan St. Ry. Co.
Thomas D. Adams, for appellant American Ice Co.
John J. Sullivan, for respondent.

McLAUGHLIN, J.   The plaintiff was a passenger on one of the defendant railway company's cars, and received personal injuries by its colliding with one of the defendant ice company's wagons. He had a verdict for $1,000 against both of the defendants on the

ground that his injuries were caused by their joint negligence, and from the judgment entered thereon each defendant has separately appealed.

The facts, as developed by the testimony at the trial, are not complicated. It appeared that about 7 o'clock in the morning of September 3, 1901, the plaintiff entered one of the defendant's northbound cars at 125th street and 3d avenue; that he took a seat on the rear platform; that when the car was crossing 128th street he was struck by the pole of the defendant ice company's wagon; that the driver of the ice wagon undertook to cross in front of the car; that he did not notice the car until it was about 20 feet from him, and before he could stop the pole of the wagon came in contact with a portion of the car, passed alongside of it until it came to the rear, when it struck the plaintiff, and inflicted the injuries of which he complains. At the conclusion of the trial there was sufficient evidence to go to the jury on the negligence of the ice company. It was obligated to approach the crossing having the wagon under control. This it did not do, as is evidenced by the fact that, while the driver prevented a collision with the front, he was unable to do so as to the rear, of the car.

We have examined the errors alleged by the ice company; but none of them seem to be of sufficient merit to call for an interference with the judgment. So far as the ice company is concerned, therefore, the judgment appealed from must be affirmed, with costs.

As to the railway company, we think the judgment must be reversed for an error in the charge. In instructing the jury the learned trial justice said:

"In a case of this character the law raises a presumption of negligence on the part of the railroad company. That does not mean that it was, in fact, negligent, but only that the burden rests upon it to prove to your satisfaction that the accident was not due to its negligence."

At the conclusion of the charge, counsel for the defendant called the attention of the court to the language just quoted; saying:

"I except to your honor's charging the jury that there is a presumption of negligence of the company until the accident is explained by it, and that the burden was on the company to show that its whole duty was performed. The Court: You refer to the railroad company? Mr. Daly: Yes, the railroad company, and to your honor's charge that the defendant the railroad company was bound to show that the accident did not happen through its negligence, and also that it is for the jury to say if the railroad company has sufficiently explained the accident. And I ask your honor, in view of all these instructions to the jury made by you, that you charge the jury that the burden rests upon the plaintiff in this case to establish by a fair preponderance of credible testimony that the injury to him was caused by some negligence on the part of the railroad company, before a verdict against the railroad company can be given. The Court: I refuse so to charge. Mr. Daly: And we except."

I think this was error. The defendant was entitled to have the jury instructed in the manner requested. The case was submitted to the jury upon a wrong theory, and under erroneous instructions as to the legal relations of the parties. What, in effect, was said to the jury, was that the burden of establishing the fact that the

injuries to the plaintiff resulted from defendant's negligence did not rest upon him, but it devolved upon the railway company to show affirmatively that it was free from negligence. The plaintiff asserted that his injuries were caused by the defendant's negligence. The burden of establishing that fact rested upon him throughout the trial. He asserted it, and he was bound to prove it. This is what the court was requested to charge, and which he refused.

It may be conceded that when the plaintiff proved that he was injured by a collision while a passenger on defendant's car, this, by aid of legal presumptions, made out his cause of action against the railway company prima facie; but when the proof was all in the burden of proof was precisely where it was at the beginning of the trial, viz., upon the plaintiff. Kay v. Met. St. Ry. Co., 163 N. Y. 447, 57 N. E. 751; Loudoun v. The Eighth Ave. Ry. Co. & Ano., 162 N. Y. 380, 56 N. E. 988; Ludwig v. Met. St. Ry. Co., 174 N. Y. 546, 67 N. E. 1084. The charge ignored this rule, and the jury could not have understood otherwise than that the only question they had to deal with, so far as the railway company was concerned, was whether it had met the burden under which it rested of showing affirmatively that the collision was not its fault, and that it was free from negligence.

Other errors are alleged by the railway company, but it is unnecessary to pass upon them, inasmuch as they may not be committed on another trial.

The judgment, so far as the same relates to the railway company, therefore must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.