MICHAEL MAHER, Respondent, *v.* METROPOLITAN STREET RAILWAY
COMPANY and AMERICAN ICE COMPANY, Appellants.

*Negligence — injury to a passenger on a street railway from a collision between an
ice wagon and the car — charge that proof of the accident creates a presumption
of negligence on the part of the railway company which it must disprove — refusal
to charge that the burden of proof rested on the plaintiff.*

In an action brought against a street railway company and an ice company to
recover damages for personal injuries sustained by the plaintiff, it appeared
that on the day in question the plaintiff was a passenger on one of the defend-
ant railway company's street cars and occupied a seat on the rear platform;
that as the car approached a street intersection the driver of one of the defend-
ant ice company's wagons undertook to cross in front of it; that he did not
notice the car until he was about twenty feet from it, and that before he could
stop the pole of the wagon came in contact with a portion of the car, passed
along the side of it until it came to the rear, when it struck and injured the
plaintiff.

Upon the trial the court charged as follows: "In a case of this character the law
raises a presumption of negligence on the part of the railroad company. That
does not mean that it was, in fact, negligent, but only that the burden rests
upon it to prove to your satisfaction that the accident was not due to its
negligence."

The railway company excepted to the charge and asked the court to charge as
follows: "That the burden rests upon the plaintiff in this case to establish, by
a fair preponderance of credible testimony, that the injury to him was caused
by some negligence on the part of the Railroad Company before a verdict
against the Railroad Company can be given."

The request was declined and the jury rendered a verdict against both defendants.

*Held*, that the judgment entered upon the verdict should be affirmed as to the
defendant ice company;

That the judgment should be reversed as to the defendant railway company, on
the ground that that company was entitled to have the jury charged as was
requested;

That while it might be conceded that when the plaintiff proved that he was
injured by a collision, while a passenger on the defendant railway company's
car, this, by aid of legal presumption, made out his cause of action against
the railway company *prima facie*, yet, when the proof was all in, the burden
of proof was precisely where it was at the beginning of the trial, viz., upon
the plaintiff.

APPEAL by the defendants, Metropolitan Street Railway Com-
pany and another, from a judgment of the Supreme Court in favor
of the plaintiff, entered in the office of the clerk of the county of

New York on the 24th day of May, 1904, upon the verdict of a jury for $1,000, and also from two orders respectively entered in said clerk's office on the 7th and 10th days of June, 1904, denying the defendants' respective motions for a new trial made upon the minutes.

*Charles F. Brown,* for the appellant Metropolitan Street Railway Company.

*Thomas D. Adams,* for the appellant American Ice Company.

*John J. Sullivan,* for the respondent.

McLAUGHLIN, J.:

The plaintiff was a passenger on one of the defendant railway company's cars and received personal injuries by its colliding with one of the defendant ice company's wagons. He had a verdict for $1,000 against both of the defendants, on the ground that his injuries were caused by their joint negligence, and from the judgment entered thereon each defendant has separately appealed.

The facts, as developed by the testimony at the trial, are not complicated. It appeared that at about seven o'clock in the morning of September 3, 1901, the plaintiff entered one of the defendant's north-bound cars at One Hundred and Twenty-fifth street and Third avenue; that he took a seat on the rear platform; that when the car was crossing One Hundred and Twenty-eigth street he was struck by the pole of the defendant ice company's wagon; that the driver of the ice wagon undertook to cross in front of the car; that he did not notice the car until it was about twenty feet from him, and, before he could stop, the pole of the wagon came in contact with a portion of the car, passed along the side of it until it came to the rear, when it struck the plaintiff and inflicted the injuries of which he complains. At the conclusion of the trial there was sufficient evidence to go to the jury on the negligence of the ice company. It was obligated to approach the crossing, having the wagon under control. This it did not do, as is evidenced by the fact that while the driver prevented a collision with the front, he was unable to do so as to the rear, of the car.

We have examined the errors alleged by the ice company, but none of them seem to be of sufficient merit to call for an interference with the judgment. So far as the ice company is concerned,

therefore, the judgment appealed from must be affirmed, with costs. As to the railway company, we think the judgment must be reversed for an error in the charge. In instructing the jury the learned trial justice said : " In a case of this character the law raises a presumption of negligence on the part of the railroad company. That does not mean that it was, in fact, negligent, but only that the burden rests upon it to prove to your satisfaction that the accident was not due to its negligence." At the conclusion of the charge, counsel for the defendant called the attention of the court to the language just quoted, saying : " I except to your Honor's charging the jury that there is a presumption of negligence of the company until the accident is explained by it and that the burden was on the company to show that its whole duty was performed. The Court : You refer to the Railroad Company ? Mr. Daly : Yes, the Railroad Company ; and to your Honor's charge that the defendant, the Railroad Company, was bound to show that the accident did not happen through its negligence, and also that it is for the jury to say if the Railroad Company has sufficiently explained the accident. And I ask your Honor, in view of all those instructions to the jury made by you, that you charge the jury that the burden rests upon the plaintiff in this case to establish, by a fair preponderance of credible testimony, that the injury to him was caused by some negligence on the part of the Railroad Company before a verdict against the Railroad Company can be given. The Court : I refuse so to charge. Mr. Daly : And we except."

I think this was error. The defendant was entitled to have the jury instructed in the manner requested. The case was submitted to the jury upon a wrong theory and under erroneous instructions as to the legal relations of the parties. What, in effect, was said to the jury was that the burden of establishing the fact that the injuries to the plaintiff resulted from defendant's negligence did not rest upon him, but it devolved upon the railway company to show affirmatively that it was free from negligence. The plaintiff asserted that his injuries were caused by the defendant's negligence. The burden of establishing that fact rested upon him throughout the trial. He asserted it and he was bound to prove it. This is what the court was requested to charge, and which he refused.

It may be conceded that when the plaintiff proved that he was

injured by a collision while a passenger on defendant's car, this, by aid of legal presumptions, made out his cause of action against the railway company *prima facie,* but when the proof was all in, the burden of proof was precisely where it was at the beginning of the trial, viz., upon the plaintiff. (*Kay* v. *Met. St. Ry. Co.,* 163 N. Y. 447; *Loudoun* v. *Eighth Ave. R. R. Co.,* 162 id. 380; *Ludwig* v. *Met. St. Ry. Co.,* 174 id. 546, revg. 71 App. Div. 210.) The charge ignored this rule and the jury could not have understood otherwise than that the only question they had to deal with, so far as the railway company was concerned, was whether it had met the burden under which it rested of showing affirmatively that the collision was not its fault and that it was free from negligence.

Other errors are alleged by the railway company, but it is unnecessary to pass upon them inasmuch as they may not be committed on another trial.

The judgment, so far as the same relates to the railway company, therefore, must be reversed and a new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

As to the Metropolitan Street Railway Company, judgment reversed, new trial ordered, costs to appellant to abide event; as to the American Ice Company, judgment and order affirmed, with costs.