ages for the pain and suffering that was caused thereby. When the case was submitted to the jury the court charged them that if they found that the "pains of childbirth were prolonged beyond what they would otherwise have been, through a weakened condition of the muscles and nerves of the womb and abdominal walls, and that this cut on the head was the immediate and necessary cause of the weakened condition I have just referred to," the jury could allow her compensation for the prolonged pains; thus allowing the jury, upon this incompetent evidence, to speculate upon the cause of the prolonged childbirth, but which was not proved by competent evidence. This disregard of established principles applicable to the trial of cases of this kind requires us to reverse this judgment.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### DOOLEY v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

STREET RAILROADS—INJURIES TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

　　Where plaintiff left a sidewalk, and walked in the roadway of a street, because of alleged defects in the sidewalk, when it was so dark that witnesses were unable to see plaintiff at a distance greater than 10 feet, and, though there was a space between the sidewalk and certain car tracks in the street of 30 feet, plaintiff, with full knowledge of the locality, walked so close to the track that he was struck by a car approaching from the rear, he was guilty of contributory negligence.

　　[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 206.]

Appeal from Trial Term, New York County.

Action by William Dooley against the Union Railway Company of New York City. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

B. H. Ames, for appellant.
J. A. Douglas, for respondent.

PATTERSON, J. The plaintiff recovered a judgment in an action for personal injuries which he claimed to have sustained through the negligence of the defendant's servants in operating a car on its railway in the city of New York. It appears that at about a quarter past 8 o'clock on the night of December 15, 1902, he was walking by the side of a railway track of the defendant's road on Morris Park avenue, between De Lancy Place and Rose street, in the borough of the Bronx in the city of New York. It was a dark night. The plaintiff chose to walk in the roadway, and not on the sidewalk, because of the bad condition of that sidewalk, it being

out of repair. While he was proceeding in a southerly direction, one of the defendant's cars came along rapidly behind him, and the step of the car struck him in the ankle, and he sustained injuries. He was familiar with the condition of the street, with the manner in which the defendant's cars were operated, and he knew that at night they ran very rapidly. Witnesses for the plaintiff say that the night was so dark they could not see him more than 10 feet away. There was an electric light some 75 feet distant from the point at which the plaintiff was struck, but there is nothing whatever in the evidence to indicate that the motorman in charge of the car could have seen plaintiff, or had reason to suspect that any one was walking in the roadway close to the track, or was in such a situation that he might be struck by the car. We are unable to gather from this record any evidence of negligence on the part of those in charge of the defendant's car, unless it is to be assumed that running a car at a rapid rate of speed where it is not to be presumed that pedestrians are to be encountered is in and of itself negligence or evidence of negligence. But whether there was sufficient to go to the jury on the question of negligence or not, it is manifest that the plaintiff did not show that he was free from contributory negligence. He knew all about the railway tracks and the operation of the defendant's cars thereon. His statement is that he was upon the roadway, and not on the sidewalk, because the former was safer. The distance between the tracks was 30 feet, and yet, with his knowledge of the locality, he chose to walk so near to the track upon which a car might approach him from the rear that he exposed himself to the danger of being struck by such a car. The evidence indicates that the plaintiff took no care at all to avoid being struck by a car from behind, and it would be a fair inference that he negligently placed himself in a position of peril.

We think the judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.