(52 Misc. Rep. 578)

## ROMEO v. UNION RY. CO.

(Supreme Court, Appellate Term. February 11, 1907.)

STREET RAILROADS—ACTIONS FOR INJURIES—INSTRUCTIONS—WITHDRAWING IS-
SUE FROM JURY.

Where, in an action for injuries received in being run down by a street car, the defendant relied upon contributory negligence, an instruction that if plaintiff was proceeding down the track, and a car was coming behind him, it was not his business to look around unless he heard a noise, and, particularly on a bicycle, his eyes were supposed to be ahead, and, if the car struck him behind, it was for defendant to show that it was not his negligence in striking him, was erroneous, as withdrawing from the jury the issue of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 268, 269.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Romeo against the Union Railway Company for personal injuries. From a judgment for plaintiff, defendant appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

William E. Weaver, for appellant.
Willoughby B. Dobbs, for respondent.

MacLEAN, J. Without commenting upon the indications in the plaintiff's testimony as to his taking care or no care at all to avoid being struck by a car from behind, and as to inferences respecting his care or carelessness in coming into a place of peril (Dooley v. Union Railway Co., 106 App. Div. 397, 399, 94 N. Y. Supp. 635, 636), it is to be said that the issue of contributory negligence, under the evidence in the case, was erroneously withdrawn, or too much withdrawn, from the jury by the instruction of the learned justice:

"I am going to charge you here that if he was proceeding down that track, and a car was coming behind him, it was not his business to look around unless he heard a noise. * * * Unless his attention is called by a bell, or shout, or something of that kind to turn around, particularly on a bicycle, his eyes are supposed to be ahead, and only ahead, and if the car strikes him behind it is for you to show it is not your negligence in striking him." Maher v. Met. St. Ry. Co., 102 App. Div. 517, 519, 92 N. Y. Supp. 826.

The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.