### KALINIAK v. JOLINE et al.

(Supreme Court, Appellate Term. May 24, 1910.)

CARRIERS (§ 320*)—INJURIES TO PASSENGERS—NEGLIGENCE—QUESTION FOR JURY.

Proof that a street car was going very fast as it approached a crossing, and that it did not slacken its speed before colliding with a truck approaching the car track, and that a passenger was injured in the collision, was sufficient to require the submission to the jury of the carrier's negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1323; Dec. Dig. § 320.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mary Kaliniak, an infant, against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Barnett E. Kopelman, for appellant.

Dexter, Osborn & Fleming (Anthony J. Ernest, of counsel), for respondents.

GUY, J. This is an appeal from a judgment dismissing the complaint in an action to recover for personal injuries resulting from a collision, at the intersection of Prince and Mulberry streets, between defendants' car, on which plaintiff was a passenger, and a truck which was being driven upon Mulberry street.

The evidence of plaintiff's witnesses shows that the car was going "very fast" as it approached the crossing, and that they at that time observed the truck approaching the car tracks. In the collision the shafts of the truck struck the car about the middle of the car. The driver of the truck testified that he was coming through Mulberry

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

street north at a fairly good rate of speed, and, nearing Prince street, saw this car coming along; that he did the best he could to stop his horses, but could not stop his horses in time; that the car did not stop at the west corner of Mulberry street, and did not slacken its speed before the collision; that when the car reached the west side of Mulberry street he was about 25 feet in Mulberry street, going north; that the car and truck got there at the same time, or the car was a second or two ahead. While the jury, on this evidence, might have found the defendants to be free from negligence, there was sufficient evidence of negligence to require the submission of the case to the jury. Vogel v. Union Ry. Co. (Sup.) 115 N. Y. Supp. 284; Maher v. Met. St. Ry. Co., 102 App. Div. 517, 92 N. Y. Supp. 825.

The dismissal of the complaint was therefore erroneous, and the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.